**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION<br>P.O. Box 750<br>Madison, WI 53701<br><br>*Plaintiff*,<br><br>v.<br><br>U. S. DEPARTMENT OF THE INTERIOR<br>1849 C Street NW<br>Washington, DC 20240<br><br>And<br><br>NATIONAL PARK SERVICE<br>1849 C Street NW<br>Washington, DC 20240<br><br>*Defendants*. | Civil Action No. 1:26-cv-3563 |

**COMPLAINT**

1. FFRF brings this Freedom of Information Act judicial review against Defendants U.S. Department of the Interior ("DOI") and the National Park Service ("NPS") seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA, 5 U.S.C. § 552.

2. Shortly after taking office in 2025, President Trump signed Executive Order 14189, to commemorate the United States' semiquincentennial through numerous events and programming throughout 2026. One event, "Rededicate 250: A National Jubilee of Prayer, Praise & Thanksgiving," took place on May 17, 2026, on the National Mall. Plaintiff Freedom From Religion Foundation ("Plaintiff" or "FFRF"), submitted two requests to the federal

government under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to obtain information about this event and others like it and to determine whether taxpayer money was used to fund related religious activities. To date, the government has not provided proper responses or the requested records.

## JURISDICTION AND VENUE

3. This case is brought against the United States Department of the Interior and the National Park Service, which are federal agencies pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B). This case presents a federal question pursuant to 28 U.S.C. § 1331. These statutes confer jurisdiction on this Court.

4. Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(b)(1), (b)(2), and (e)(1).

## PARTIES

5. Plaintiff Freedom From Religion Foundation ("FFRF") is a 501(c)(3) nonprofit organization headquartered in Madison, Wisconsin.

6. Since its inception in 1978, FFRF has been dedicated to ensuring religious neutrality at all levels of government and to protecting the constitutionally mandated separation between state and church. Through a combination of advocacy, education, and litigation, FFRF works to ensure that religious freedom operates as a shield to protect all Americans, and never as a weapon to suppress or punish divergent views.

7. Disseminating information to its members and the public is an integral component of FFRF's mission. FFRF publishes a newspaper, Freethought Today, which highlights key issues and current events impacting the relationship between government and religion. Freethought Today is distributed as a printed newspaper to approximately 18,000 households,

and distributed digitally to 8,000 additional households. FFRF regularly publishes articles and information on its website to improve public understanding of the ways that government involvement in religion affects everyone.

8. To engage in its mission-driven work, FFRF utilizes FOIA requests to improve public understanding of government policies and practices that affect, promote, or discriminate among religions. Information obtained through FOIA requests informs FFRF's public-facing advocacy and communications.

9. Defendant DOI is a federal agency under FOIA, 5 U.S.C. § 552. Defendant DOI has possession, custody, and control of records to which Plaintiff seeks access.

10. Defendant NPS is a federal agency under FOIA, 5 U.S.C. § 552. Defendant NPS has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

### Summary

11. The United States' commitment to religious freedom demands that the government remains neutral on matters of faith, meaning that it must not give preference among religions or between religion and non-religion. Federal agencies, including Defendants, DOI and NPS, serve individuals of all faiths and none, and are obligated to uphold and respect the religious freedom of their diverse citizenry. These agencies also must comply with FOIA, *see* 5 U.S.C. § 552, ("FOIA") and produce records in accordance with U.S. law.

12. Executive Order 14189 ("the Order") commemorates the United States' semiquincentennial. "America 250" is the overall title for numerous events that have taken place or will take place across the United States to celebrate the 250th anniversary of the signing of the Declaration of Independence. The Order established a White House Task Force (Task Force

250), which President Trump chairs. The Task Force created Freedom 250, an initiative associated with activities and programming connected to America 250.

13. Freedom 250 leads the delivery of signature events surrounding the anniversary, including celebrations, ceremonies, commemorations, community events, cultural events, educational events, exhibits, reenactments, and volunteer and service events. Many such events took place leading up to and on July 4, 2026, and more are planned through the end of 2026. One event, "Rededicate 250: A National Jubilee of Prayer, Praise & Thanksgiving," took place on May 17, 2026, on the National Mall.

14. Prior to the Rededicate 250 event, Plaintiff Freedom From Religion Foundation ("FFRF"), a nonprofit organization that defends religious pluralism and fights to preserve the constitutional guarantee of religious neutrality at all levels of government, submitted two FOIA requests to DOI under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to obtain information about that and other America 250 events.

15. FFRF brings this action under FOIA to compel production of records that are responsive to both of its requests.

**Freedom 250, Rededicate 250, And America Prays**

16. The Order established a White House Task Force on Celebrating America's 250th Birthday (Task Force 250). Task Force 250 is chaired by the President, vice chaired by the Vice President, and consists of cabinet-level Secretaries, including the Secretary of the Interior, and other officials. Task Force 250 terminates on December 31, 2026, unless extended by the President.[1]

[1] Exec. Order No. 14,325, *Celebrating America's 250th Birthday*, 90 Fed. Reg. 8,445 (Jan. 29, 2025), available at https://www.whitehouse.gov/presidential-actions/2025/01/celebrating-americas-250th-birthday/

17. On July 2, 2025, Congress approved H.R. 1, the One Big Beautiful Bill Act, which included $150,000,000 for Semiquincentennial activities, and those funds were provided to the U.S. Department of the Interior for distribution.[2] Task Force 250 established Freedom 250, an initiative associated with activities and programming connected to America 250. Freedom 250 leads the delivery of signature events surrounding the anniversary, which are ongoing through the end of 2026.[3]

18. "Rededicate 250: A National Jubilee of Prayer, Praise, and Thanksgiving," was one such event that took place on the National Mall on May 17, 2026. The event "marked the nation's 250th birthday with Scripture, testimony, prayer, and rededication of our country as One Nation to God." Featured guests and speakers included President Trump, Speaker Mike Johnson, and Secretary Marco Rubio, as well as numerous faith leaders, authors, and musical performers.[4]

19. Rededicate 250 was one of the "Prayer Events" sponsored in part by "America Prays," a faith-based initiative that also sponsored other religious events like the "National Religious Broadcasters" conference for Christian communicators from February 17-20, 2026, and the "National Day of Prayer" on May 7, 2026, at the National Mall and other locations.[5]

**<u>FFRF's First FOIA Request (DOI-2026-004377)</u>**

20. On March 5, 2026, FFRF submitted a FOIA request to the National Park Service ("NPS")[6] to obtain records about the Rededicate 250 event. NPS assigned the FOIA Request No.

---

[2] U.S. Semiquincentennial Commission, *Annual Report to Congress* at 7 (2025), available at https://manage.america250.org/wp-content/uploads/2026/02/Annual-Report-To-Congress-2025-FINAL.pdf

[3] *Freedom 250, Celebrations* (2026), available at https://www.freedom250.org/celebration

[4] See Freedom 250, Rededicate 250: A National Jubilee of Prayer, Praise, and Thanksgiving, available at https://freedom250.org/celebration/rededicate-250-a-national-jubilee-of-prayer-praise-and-thanksgiving

[5] See America Prays, *Prayer Events*, available at https://americaprays.com/events/

[6] The National Park Service ("NPS") is the bureau responsible for DOI records concerning the National Mall.

DOI-2026-004377 that same day. That request sought: "All permit applications and issued permits by NPS for the Rededicate 250 event to be held on the National Mall on or about May 17, 2026[,]" and "All NPS memoranda, schedules, and communications related to the Rededicate 250 event to be held on the National Mall on or about May 17, 2026." Exhibit A, FFRF FOIA Request No. DOI-2026-004377 (Mar. 5, 2026).

21. The requested records will improve public understanding of how the Rededicate 250 event was put on and whether taxpayer money from DOI were used to fund related religious activities.

22. NPS failed to respond to FOIA Request DOI-2026-004377 within twenty (20) working days.

23. On April 21, 2026, NPS informed FFRF that it had approved FFRF's fee waiver. However, NPS's response letter failed to make a determination on Plaintiff's request for records. Instead, NPS stated that it had not yet completed its legal review. NPS did not indicate which records it would produce and which records it would seek to withhold. NPS did not provide an estimated date of completion. Exhibit B.

24. On May 5, 2026, FFRF emailed NPS to follow-up on the status of NPS's determination regarding FOIA Request DOI-2026-004377. Exhibit C.

25. On May 13, 2026 an NPS FOIA Officer replied to FFRF, stating that he "might have a solution to speed [NPS's determination] along[,]" and requested to speak with FFRF by telephone on May 14, 2026. After FFRF responded, NPS confirmed to speak with FFRF by phone at 9:00 a.m on May 14. Id.

26. On May 14, 2026, FFRF called the NPS FOIA Office twice, left a voicemail, and emailed at the scheduled time, but the NPS FOIA Officer was unavailable at the scheduled time.

On May 15, 2026, the NPS FOIA Officer followed-up with FFRF, but FFRF's attorney was traveling out of the country. Id.

27. Upon FFRF's attorney's return to the office on May 26, 2026, FFRF once again emailed the NPS FOIA Officer to set up a phone call to discuss NPS's response to FOIA Request DOI-2026-004377. The NPS FOIA Officer never responded. Id.

28. FFRF again followed up with NPS regarding the status of NPS's determination on June 2, 2026. NPS never responded. Id.

29. On July 1, 2026 FFRF followed up with NPS once more. NPS never responded. Id.

30. As of the date of this Complaint, FFRF has not received any further communication from NPS or DOI.

31. As of the date of this filing, Defendants have not provided an estimated completion date.

32. As of the date of this filing, Defendants have not completed their review of records responsive to Plaintiff's request.

33. As of the date of this filing, Defendants have not indicated to Plaintiff which records it will produce and which records they seek to withhold.

34. As of the date of this filing, Defendants have failed to make a determination on Plaintiff's request for records.

35. Through Defendants' failure to make a determination within the time period required by law, Plaintiff has constructively exhausted its administrative remedies and this matter is ripe for judicial review.

//

**FFRF's Second FOIA Request (DOI-2026-006211)**

36. On May 13, 2026, FFRF submitted a FOIA request for DOI records concerning Freedom 250, America Prays, and related events like Rededicate 250. That request sought:

> 1) All Department agreements, memoranda of understanding, or other documents relating to Department contracts with Freedom 250.
>
> 2) All records of payments made by the Department to Freedom 250.
>
> 3) All Department communications to or from Freedom 250 employees or agents relating to Freedom 250 events or activities that include religious worship or prayer, including the following events and activities:
>
> > a) Rededicate 250: A National Jubilee of Prayer, Praise & Thanksgiving
> > b) America Prays.

Exhibit D, FFRF FOIA Request No. DOI-2026-006211 (May 13, 2026).

37. The requested records will improve public understanding of Freedom 250, America 250, and the events/activities identified in the request, to allow the public to learn about the planning and taxpayer expenses of these agencies and related religious activities.

38. In its request, FFRF asked for a fee waiver based on its status as a 501(c)(3) nonprofit organization that publishes and disseminates its own newspaper, Freethought Today, to inform the public about federal government actions and programs that may impact their constitutional rights, especially their rights under the religion clauses of the First Amendment. The Freedom of Information Act provides for fees associated with records requests to be waived in whole or in part where "disclosure of the information [requested] is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); 43 C.F.R. §§ 2.45(a) and 2.48.

39. On May 13, 2026, DOI acknowledged receipt of FFRF's May 13, 2026 FOIA Request and assigned it control number DOI-2026-006211.

40. On October 12, 2026, FFRF used DOI's online portal to check the status of its May 13, 2026 FOIA Request and found that it was listed as "in process."

41. As of the date of this Complaint, FFRF has not received any further communications from DOI pertaining to FOIA Request No. DOI-2026-006211.

42. As of the date of this Complaint, DOI has not made a determination regarding FFRF's fee waiver request.

43. As of the date of this filing, DOI has not provided an estimated completion date.

44. As of the date of this filing, DOI has not completed its search and review of records responsive to Plaintiff's request.

45. As of the date of this filing, DOI has not indicated to Plaintiff which records it will produce and which records they seek to withhold.

46. As of the date of this filing, DOI has failed to make a determination on Plaintiff's request for records.

47. Through DOI's failure to make a determination within the time period required by law, Plaintiff has constructively exhausted its administrative remedies and this matter is ripe for judicial review.

## CLAIMS FOR RELIEF

### COUNT I
### REQUEST NO. DOI-2026-004377
### FAILURE TO MAKE A DETERMINATION
### VIOLATION OF FOIA, 5 U.S.C. § 552

48. Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

49. FOIA requires an agency to make and communicate a determination within 20 days, or, in "unusual circumstances," within an extended period of up to 30 days. *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180 (D.C. Cir. 2013) (Kavanaugh, J.).

50. "[I]n order to make a 'determination' and thereby trigger the administrative exhaustion requirement, the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." Id. at 188.

51. Defendants DOI and NPS have failed to make a determination as to the Plaintiff's FOIA Request No. DOI-2026-004377.

**COUNT II**
**REQUEST NO. DOI-2026-004377**
**FAILURE TO MAKE A DETERMINATION**
**VIOLATION OF FOIA, 5 U.S.C. § 552**

52. Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

53. Defendants must establish a telephone line or internet service to provide an estimated date on which the agencies will complete action on the request.

54. In violation of this statute, Defendants failed to provide an estimated date on which FOIA Request No. DOI-2026-004377 would be completed.

//

//

//

//

**<u>COUNT III</u>**
**REQUEST NO. DOI-2026-004377**
**FAILURE TO MAKE REASONABLY SEGREGABLE, NON-EXEMPT RECORDS PROMPTLY AVAILABLE**
**VIOLATION OF 5 U.S.C. § 552(a)(3)**

55. Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

56. Upon request, an "agency . . . shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

57. Defendants have violated this provision by failing to make records responsive to Plaintiff's FOIA Request No. DOI-2026-004377 promptly available.

**<u>COUNT IV</u>**
**REQUEST NO. DOI-2026-004377**
**UNLAWFUL WITHHOLDING OF AGENCY RECORDS**
**VIOLATION OF 5 U.S.C. § 552(a)(4)(B)**

58. Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

59. DOI and NPS are each government agencies subject to FOIA and must therefore make reasonable efforts to search for and release requested records and otherwise lawfully support and provide the basis for any withholdings made pursuant to the exemptions provided by FOIA.

60. Plaintiff has a legal right under FOIA to the timely search and release of responsive, non-exempt agency records responsive to the Plaintiff's FOIA request.

61. Defendants failed to conduct a timely search and release responsive, non-exempt agency records in response to the Plaintiff's FOIA Request No. DOI-2026-004377.

//

//

**COUNT V**
**REQUEST NO. DOI-2026-006211**
**FAILURE TO MAKE A DETERMINATION**
**VIOLATION OF FOIA, 5 U.S.C. § 552**

62. Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

63. FOIA requires an agency to make and communicate a determination within 20 days, or, in "unusual circumstances," within an extended period of up to 30 days. *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180 (D.C. Cir. 2013) (Kavanaugh, J.).

64. "[I]n order to make a 'determination' and thereby trigger the administrative exhaustion requirement, the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." Id. at 188.

65. Defendant DOI has failed to make a determination as to the Plaintiff's FOIA Request No. DOI-2026-006211.

**COUNT VI**
**REQUEST NO. DOI-2026-006211**
**FAILURE TO ESTIMATE A DATE OF PRODUCTION**
**VIOLATION OF 5 U.S.C. § 552(a)(7)(B)(ii)**

66. Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

67. Defendants must establish a telephone line or internet service to provide an estimated date on which the agencies will complete action on the request.

68. In violation of this statute, Defendant DOI failed to provide an estimated date on which FOIA Request No. DOI-2026-006211 would be completed.

**COUNT VII**
**REQUEST NO. DOI-2026-006211**
**FAILURE TO MAKE REASONABLY SEGREGABLE, NON-EXEMPT RECORDS PROMPTLY AVAILABLE**
**VIOLATION OF 5 U.S.C. § 552(a)(3)**

69. Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

70. Upon request, an "agency . . . shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

71. Defendant DOI has violated this provision by failing to make records responsive to Plaintiff's FOIA Request No. DOI-2026-006211 promptly available.

**COUNT VIII**
**REQUEST NO. DOI-2026-006211**
**UNLAWFUL WITHHOLDING OF AGENCY RECORDS**
**VIOLATION OF 5 U.S.C. § 552(a)(4)(B)**

72. Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

73. DOI is a government agency subject to FOIA and must therefore make reasonable efforts to search for and release requested records and otherwise lawfully support and provide the basis for any withholdings made pursuant to the exemptions provided by FOIA.

74. Plaintiff has a legal right under FOIA to the timely search and release of responsive, non-exempt agency records responsive to the Plaintiff's FOIA request.

75. DOI failed to conduct a timely search and release responsive, non-exempt agency records in response to the Plaintiff's FOIA Request No. DOI-2026-006211.

//

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff FFRF respectfully requests that this Court:

1. enter judgment on all counts in favor of Plaintiff and against Defendants;
2. declare Defendants' failure to comply with FOIA unlawful and enjoin Defendants from continuing to withhold all non-exempt records responsive to FOIA Request No. DOI-2026-004377;
3. declare Defendant DOI's failure to comply with FOIA unlawful and enjoin Defendant DOI from continuing to withhold all non-exempt records responsive to FOIA Request No. DOI-2026-006211;
4. order Defendants to conduct searches for any and all records responsive to Plaintiff's FOIA Request No. DOI-2026-004377 and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to the request;
5. order Defendant DOI to conduct searches for any and all records responsive to Plaintiff's FOIA Request No. DOI-2026-006211 and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the request;
6. order Defendants to produce, within 20 days of the Court's order, or by such other date as the Court deems appropriate, all non-exempt records responsive to Plaintiff's FOIA Request No. DOI-2026-004377, all segregable records responsive to Plaintiff's FOIA Request No. DOI-2026-004377, and indices justifying the withholding of any responsive records withheld under any claim of exemption;

7. order Defendant DOI to produce, within 20 days of the Court's order, or by such other date as the Court deems appropriate, all non-exempt records responsive to Plaintiff's FOIA Request No. DOI-2026-006211, all segregable records responsive to Plaintiff's FOIA Request No. DOI-2026-006211, and indices justifying the withholding of any responsive records withheld under any claim of exemption;

8. award Plaintiff costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412(d)(1)(A); and

9. award Plaintiff such further relief as the Court deems just, equitable, and appropriate.

Dated: October 13, 2026

Respectfully submitted,

By: *<u>/s/ Wade McMullen</u>*
Wade McMullen
Law Office of Wade McMullen
DC Bar # 90036075
1901 Pennsylvania Avenue NW
Suite 900, PMB 67
Washington, DC, 20006
(202) 649-0080
lademc@protonmail.com

*<u>/s/ Patrick C. Elliott</u>*
Patrick C. Elliott* (WI Bar # 1074300)
Nancy A. Noet* (WI Bar # 1023106)
FREEDOM FROM RELIGION FOUNDATION
PO Box 750
Madison, WI 53701
(608) 256-8900
patrick@ffrf.org
noetn@ffrf.org

**Pro hac vice motion forthcoming*

*Counsel for Plaintiff*